## Parton, Appellant, *v.* Parton.

*Cruel and barbarous treatment—Evidence—Adultery.*

On a libel for divorce by a husband against his wife, the charge of adultery is not sustained by evidence to the effect that the wife had a locket and chain which she said had been given her by a man whom she named, and that if she were to leave her husband she would go to this man.

On a libel for divorce filed by a husband against his wife on the ground of cruel and barbarous treatment, merely general assertions as to the conduct of the respondent, and the treatment of her husband, will not be considered, if they are not accompanied by evidence of the actual facts upon which such assertions are based.

Argued April 17, 1917.   Appeal, No. 104, April T., 1917, by plaintiff, from decree of C. P. Washington Co., Aug. T., 1916, No. 209, refusing divorce in case of Wilmot Lester Parton v. Sarah B. Costlow Parton.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Libel for divorce.   Before IRWIN, J.

From the record it appeared that the grounds alleged were cruel and barbarous treatment and adultery.   The evidence is summarized in the opinion of the Superior Court.

*Error assigned* was decree refusing the divorce and dismissing the libel.

*Vernon Hazzard,* for appellant.

No printed brief for appellee.

OPINION BY TREXLER, J., July 13, 1917:

The testimony in this case is strikingly similar to that in the case of Ford v. Ford in which we have this day filed an opinion and the remarks made in that case will apply to the one before us. The libellant, a boy of seventeen, married a woman of mature years. After they were married he says she confessed she had had three illegitimate children. His wife was a member of the Roman Catholic Church and he a Protestant. He stated that she continually abused him and his family for hours at a time. One time she attempted suicide, she claimed that their marriage was not legal because not solemnized by a Catholic priest, she told him if she were on her death bed she did not want him around, she wanted her marriage license so she could destroy it, called him a living devil, didn't want him to provide any clothes for her because she didn't want anything that belonged to him and that if she left him she could get some other man, naming him. That upon one occasion she left at six o'clock and did not return until 10 o'clock and would not give him any reason as to where or what she was doing and that she was continually abusing him.

There was some testimony of the same character given by the libellant's father and mother which was to the effect that their son's wife was very quarrelsome and continually nagging and abusing him. That she would go out frequently in the evening unaccompanied by her husband and that she had a locket and chain which she said the person to whom she referred to by name, had given her.

The only evidence in support of the charge of adultery was the incident of the locket above referred to, the assertion of the wife that if she were to leave her husband she would go to this other man and the fact that she was seen talking to him late at night at a corner of a street in Coraopolis. This evidence wholly fails to show facts on which a jury could infer that the offense had been committed.

As to the other charge laid in the libel, we think the lower court took the right view of the question.  We quote from his opinion, "What the court wants to know and should be informed of in cases of this kind is the facts on which the libellant bases the claim for a divorce.  If the case were being tried in court a witness would not be permitted to say, if it was objected to, that the respondent 'made a hell out of' the libellant's home.  What the witness would be required to do would be to state what the respondent said and what she did and what her conduct was towards the libellant, in order that the jury might determine whether the charge was made out."  It may be that the treatment accorded by this wife to her husband was cruel and barbarous but we have no testimony before us which establishes that fact.

Decree affirmed.